UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RINALDO RAY MOSS,

                              Plaintiff,

v.                                                                         13-CV-00833(A)(M)

NICK BURT, THOMAS BUONO, DALE
SMATHERS, PETER CONSTANTAKES,
DAN HERBECK AND MATT SPINA,

                              Defendants.

_____

**DECISION AND ORDER**

        Before me are plaintiff's motions for appointment of counsel [20] and to adjourn the November 13, 2014 oral argument of the pending motions to dismiss until counsel is appointed [21]. For the following reasons, plaintiff's motion for appointment of counsel is denied, without prejudice to renewal, and his motion to adjourn the oral argument is granted in part and denied in part.

## BACKGROUND

        The factual allegations of the Complaint are set forth in the December 2, 2013 Decision and Order [3] granting plaintiff *in forma pauperis* status. Since plaintiff did not file an Amended Complaint as directed by that Decision and Order (id., p. 8), his remaining claims are state law tort claims for defamation and intentional infliction of emotional distress.[1] Defendants Dale Smathers [9], Dan Herbeck [14], Matt Spina [14], and Peter Constantakes [15] have moved

---

[1] As noted in the December 2, 2013 Decision and Order [3], notwithstanding the dismissal of plaintiff's 42 U.S.C. §§1983 and 1985 claims, there appears to be diversity jurisdiction pursuant to 28 U.S.C. §1332 (id., p. 1 n. 1).

to dismiss the remaining claims.  When defendant Smathers' motion to dismiss was filed, I set a briefing schedule [10] requiring plaintiff's response to that motion by September 30, 2014.  Upon the subsequent filing of motions by defendants Herbeck, Spina and Constantakes, I set a deadline of October 21, 2014 for plaintiff's response to those motions, and scheduled oral argument of all pending dismissal motions for November 13, 2014.  October 3, 2014 Text Order [19].  On October 17, 2014, plaintiff filed the current motions.

## ANALYSIS

A.      **Motion for Appointment of Counsel**

In support of his motion for appointment of counsel, plaintiff states that he does not have sufficient resources for an attorney. [20], ¶3(a).  In his companion motion to adjourn oral argument of the pending dismissal motions, he also states, "I do not  understand the motions and  legal paper work I'm receiving". [21], ¶4.

There is no constitutional right to appointed counsel in civil cases.  However, under 28 U.S.C. §1915(e), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F. 2d 22, 23 (2d Cir. 1988).  The decision as to whether or not to assign counsel lies clearly within the court's discretion.  *See* In re Martin-Trigona, 737 F. 2d 1254, 1260 (2d Cir. 1984).  The factors to be considered include the following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the indigent has the ability to present the case; (5) whether the legal issues

involved are complex; and (6) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.  See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986); Carmona v. United States Bureau of Prisons, 243 F. 3d 629, 632 (2d Cir. 2001).

While I am sympathetic to plaintiff's circumstances, having considered these factors, I conclude that appointment of counsel is not warranted at this time. Since the case is still at an early stage, the merit (or lack thereof) of plaintiff's claims is difficult to assess.  Plaintiff has also failed to demonstrate that his case is complex or that he will be unable to adequately litigate his claims without assistance of counsel.  Therefore, plaintiff's motion for appointment of counsel is denied, without prejudice to his ability to re-apply for appointment of counsel at a later stage of the case.

However, at this time, it remains plaintiff's responsibility to retain an attorney or to prosecute this action *pro se*.  28 U.S.C. §1654.   In order to assist plaintiff in pursuing this case *pro se*, the clerk of the court is directed to send plaintiff the court's booklet entitled "*Pro Se Litigation Guidelines*".

**B.     Motion to Adjourn the November 13, 2014 Oral Argument**

Plaintiff seeks to adjourn the November 13, 2014 oral argument of the pending dismissal motions "until counsel is granted".  Plaintiff's Affidavit [21], ¶2.  As indicated above, plaintiff's motion for appointment of counsel is denied, without prejudice to renewal at a later stage of the case.  At this time, it is his obligation to retain counsel or prosecute this case *pro se*.

Although I will not grant an indefinite adjournment of the November 13, 2014 oral argument, I will provide plaintiff with an opportunity to retain counsel by extending his deadline to respond to the pending dismissal motions [14, 15][2] until November 21, 2014, and correspondingly extend the deadline for defendants' replies, if any, to December 5, 2014, and adjourn oral argument to December 12, 2014 at 11:00 a.m.

## CONCLUSION

For these reasons, plaintiff's motion for appointment of counsel [20] is denied, without prejudice to renewal, and plaintiff's motion for adjournment of oral argument [21] is granted in part and denied in part.

**SO ORDERED.**

Dated: October 23, 2014

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[2] Since plaintiff's deadline to respond to defendant Smathers' [9] motion expired without any response by plaintiff, I have not extended that deadline.